IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN RIVERA, JR., | No. 4:19-CV-01880 |
| Petitioner, | (Judge Brann) |
| v. | |
| KEVIN RANSOM, *et al.*, | |
| Respondents. | |

MEMORANDUM OPINION

APRIL 13, 2021

Petitioner Juan Rivera, Jr., a state prisoner presently confined at the State Correctional Institution at Dallas in Dallas, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state convictions on numerous grounds.[1]  Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[2]  Petitioner filed a reply reiterating the merits of his petition.[3]  The reply does not address the untimeliness issue.  For the reasons discussed below, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

---

[1] Doc. 1.
[2] Doc. 19.
[3] Doc. 20.

I.  BACKGROUND

On September 14, 2012, the Petitioner, Juan Rivera, was found guilty by jury in the Court of Common Pleas of Lackawanna County of two counts of rape of a child, three counts of involuntary deviate sexual intercourse, two counts of aggravated indecent assault of a person less than 16 years of age, two counts of indecent assault of a person less than 13 years of age, and one count each of unlawful contact with a minor, corruption of minors, and endangering the welfare of children.[4] These offenses arose from Petitioner's sexual abuse of his two minor stepdaughters on multiple occasions.[5]  On December 18, 2012, following an assessment by the Sexual Offenders Assessment Board, Petitioner was found to be a sexually violent predator.[6] Petitioner was sentenced to an aggregate sentence of 108 to 216 years' imprisonment.[7]

Petitioner filed a timely direct appeal to the Pennsylvania Superior Court.[8] That court affirmed Petitioner's judgment of sentence on March 26, 2014.[9] Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, and the time for doing so expired on April 25, 2014.[10]

---

[4]  Doc. 19 at 1.
[5]  *Id.*
[6]  *Id.*
[7]  *Id.*
[8]  *Id.* at 2.
[9]  *Id.*
[10] *Id.*

Over seven months later, on January 5, 2015, Petitioner filed a PCRA petition with the trial court.[11] That court denied the petition on the merits on June 30, 2017.[12] Petitioner filed a timely notice of appeal to the Pennsylvania Superior Court.[13] That court quashed the appeal on procedural grounds on January 26, 2018.[14] Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which denied the petition on November 16, 2018.[15]

Plaintiff filed the instant petition for writ of habeas corpus on October 28, 2019, which was docketed on October 30, 2019.[16]

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the applicable statute of limitations for Petitioner's habeas petition, and it provides, in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Doc. 1.

3

claim is pending shall not be counted toward any period of limitation under this subsection.[17]

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.[18]

Here, Petitioner's conviction became final on April 26, 2014, the day after the expiration of the time for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania.  His federal habeas statute of limitations thus began to run on April 26, 2014.  Once Petitioner filed his PCRA petition on January 5, 2015, however, the statute of limitations was tolled.  By that point, 254 days of the statute of limitations had already run.

Petitioner's PCRA proceedings concluded on November 16, 2018, when the Supreme Court of Pennsylvania denied allocutur.  Thus, his federal statute of limitations started to run again the next day, November 17, 2018.  It expired on or about March 7, 2019.

---

[17]  28 U.S.C. § 2244(d).  *See also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).
[18]  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

Petitioner did not file his habeas petition until months later, on October 28, 2019. It is thus untimely.

The Court must next determine whether equitable tolling may apply to Petitioner's untimely petition. In *Holland v. Florida*, the Supreme Court of the United States held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.[19] A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[20]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[21] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[22] Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[23]

---

[19]   560 U.S. 631, 649-50 (2010). *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).
[20]   *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).
[21]   *Holland*, 560 U.S. at 653.
[22]   *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").
[23]   *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[24] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[25]

Indeed, extraordinary circumstances have been found only where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[26] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of

---

[24] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[25] *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[26] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[27]

In the matter at hand, Petitioner was put on notice regarding the untimeliness of his federal habeas petition by Respondents' answer and had an opportunity to address the untimeliness and arguments in favor of tolling in his reply. Petitioner offers no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and sees no circumstance which could potentially trigger equitable tolling. Because, however, Petitioner is proceeding *pro se*, the Court will permit Petitioner thirty (30) days in which to present the Court with any argument he wishes to make regarding equitable tolling. Failure to do so will result in the petition being dismissed with prejudice.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[28] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

---

[27] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

[28] 28 U.S.C. § 2253(c)(2).

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[29]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[30]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Consequently, no certificate of appealability shall issue.

## IV.    CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d) with leave to plead over regarding the equitable tolling issue; a certificate of appealability shall not issue.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[29] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[30] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).