IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN RIVERA, JR., | No. 4:19-CV-01880 |
| Petitioner, | (Judge Brann) |
| v. | |
| KEVIN RANSOM, *et al.*, | |
| Respondents. | |

**MEMORANDUM OPINION**

**MAY 7, 2021**

Petitioner Juan Rivera, Jr., a state prisoner presently confined at the State Correctional Institution at Dallas in Dallas, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] The Court previously dismissed the petition without prejudice as untimely, but permitted Petitioner an additional period of time in which to present any argument regarding equitable tolling.[2] Petitioner has now filed a supplemental brief regarding equitable tolling.[3] For the reasons discussed below, Petitioner's circumstances do not warrant equitable tolling, and the Court will dismiss the petition with prejudice as time-barred under 28 U.S.C. § 2244(d).

**I.    BACKGROUND**

On September 14, 2012, the Petitioner, Juan Rivera, was found guilty by jury in the Court of Common Pleas of Lackawanna County of two counts of rape of a child,

---

[1]  Doc. 1.
[2]  Docs. 24 (mem.), 25 (order).
[3]  Doc. 26.

three counts of involuntary deviate sexual intercourse, two counts of aggravated indecent assault of a person less than 16 years of age, two counts of indecent assault of a person less than 13 years of age, and one count each of unlawful contact with a minor, corruption of minors, and endangering the welfare of children.[4] These offenses arose from Petitioner's sexual abuse of his two minor stepdaughters on multiple occasions.[5] On December 18, 2012, following an assessment by the Sexual Offenders Assessment Board, Petitioner was found to be a sexually violent predator.[6] Petitioner was sentenced to an aggregate sentence of 108 to 216 years' imprisonment.[7]

Petitioner filed a timely direct appeal to the Superior Court of Pennsylvania.[8] That court affirmed Petitioner's judgment of sentence on March 26, 2014.[9] Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, and the time for doing so expired on April 25, 2014.[10]

Over seven months later, on January 5, 2015, Petitioner filed a PCRA petition with the trial court.[11] That court denied the petition on the merits on June 30, 2017.[12] Petitioner filed a timely notice of appeal to the Superior Court.[13] That court quashed the appeal on procedural grounds on January 26, 2018.[14] Petitioner then filed a petition

---

[4] Doc. 19 at 1.
[5] Id.
[6] Id.
[7] Id.
[8] Id. at 2.
[9] Id.
[10] Id.
[11] Id.
[12] Id.
[13] Id.
[14] Id.

for allowance of appeal with the Supreme Court of Pennsylvania, which denied the petition on November 16, 2018.[15]

Petitioner filed the instant habeas petition on October 28, 2019, which was docketed on October 30, 2019.[16]

The Court dismissed the petition as untimely, explaining that:

> Petitioner's conviction became final on April 26, 2014, the day after the expiration of the time for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania. His federal habeas statute of limitations thus began to run on April 26, 2014. Once Petitioner filed his PCRA petition on January 5, 2015, however, the statute of limitations was tolled. By that point, 254 days of the statute of limitations had already run.
>
> Petitioner's PCRA proceedings concluded on November 16, 2018, when the Supreme Court of Pennsylvania denied allocutur. Thus, his federal statute of limitations started to run again the next day, November 17, 2018. It expired on or about March 7, 2019.
>
> Petitioner did not file his habeas petition until months later, on October 28, 2019. It is thus untimely.[17]

The Court went on to consider whether equitable tolling may apply to the claims in the petition and provided Petitioner with an opportunity to present any further argument regarding equitable tolling.[18]

Petitioner has since filed a supplemental brief in support of his petition addressing, *inter alia*, equitable tolling.[19] In it, he asserts that he had difficulty obtaining the correct habeas petition forms, which he also raised in his reply.[20] He also

---

[15] *Id.*
[16] *See* Doc. 1
[17] Doc. 24 at 4-5.
[18] *Id.* at 11.
[19] Doc. 26.
[20] *Id.* at 1. *See also* Doc. 20 at 1.

argues that it is difficult to litigate his petition because he is in prison and cannot afford an attorney; he is innocent; his sentence is illegal; his conviction was based on hearsay and not physical evidence; his trial was unfair because his attorney did not retain an expert medical examiner; he never received an evidentiary hearing on appeal; and he was made an example of.[21]

## II. DISCUSSION

As the Court noted in its prior memorandum opinion the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period for habeas petitions is subject to equitable tolling in appropriate cases, on a case-by-case basis.[22] A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[23]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[24] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[25] Reasonable diligence

---

[21] *Id.* at 1-2.
[22] 560 U.S. 631, 649-50 (2010). *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).
[23] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).
[24] *Holland*, 560 U.S. at 653.
[25] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[26]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[27] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[28]

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[29] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person

---

[26] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

[27] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[28] *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[29] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[30]

Here, nothing in Petitioner's supplemental brief regarding equitable tolling can change the conclusion that the petition is untimely. Petitioner argues that it took him two months to receive the correct habeas petition forms. Even assuming that the difficulty in obtaining the correct form was an extraordinary circumstance[31] and that the Court could apply equitable tolling, the petition would still be untimely. In sum, the petition was filed on October 28, 2019. Petitioner complains that it took him two months to receive the correct form; two months before the day he filed his petition would be August 28, 2019. The statute of limitations for Petitioner's claims, however, expired on March 7, 2019 -- nearly six (6) months before Petitioner sought the form for filing his habeas petition. This length of time would suggest to this Court that Petitioner was not pursuing his rights diligently.

Further, that Petitioner has difficulty litigating a habeas petition while incarcerated and lacks funds to retain an attorney to represent him are ordinary—not extraordinary—circumstances experienced by most prisoners. The remainder of Petitioner's arguments focus on the merits of his claims—not whether his petition is

---

[30] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

[31] The Court notes that Petitioner could have drafted a habeas petition on plain paper and filed it with the Court with a request to be sent the appropriate form.

timely or whether the Court should apply equitably tolling to render it timely.  Because Petitioner has failed to demonstrate that he pursued his rights diligently or that any extraordinary circumstances existed, the Court will dismiss the petition with prejudice as untimely.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[32]  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[33]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[34]

---

[32] 28 U.S.C. § 2253(c)(2).
[33] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[34] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). A certificate of appealability should not issue.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge